THE STATE EX REL. KONOFF, APPELLANT, *v.* MOON, JUDGE, APPELLEE.

[Cite as *State ex rel. Konoff v. Moon* (1997), 79 Ohio St.3d 211.]

(No. 97–335—Submitted May 20, 1997—Decided July 16, 1997.)

Rodney L. Konoff, pro se.

Mark Mulligan, Ottawa County Prosecuting Attorney, for appellee.

Per Curiam. Konoff asserts that the court of appeals erred by denying the writ of mandamus. Konoff seeks to compel the common pleas court to issue findings of fact and conclusions of law.

Findings of fact and conclusions of law are mandatory if the trial court dismisses a petition for postconviction relief. R.C. 2953.21(C); State v. Lester (1975), 41 Ohio St.2d 51, 70 O.O.2d 150, 322 N.E.2d 656, paragraph two of the syllabus. Mandamus will lie to compel a trial court to issue findings of fact and conclusions of law when it dismisses a petition for postconviction relief. State ex rel. Brown v. Court of Common Pleas of Coshocton Cty. (1986), 23 Ohio St.3d 46, 23 OBR 122, 491 N.E.2d 303.

The rationale for requiring findings of fact and conclusions of law is to apprise the petitioner of the reasons for the trial court's judgment and to permit meaningful appellate review. State v. Mapson (1982), 1 Ohio St.3d 217, 219, 1 OBR 240, 242, 438 N.E.2d 910, 912. If the entry of the trial court sufficiently apprises the petitioner of the reasons for the judgment and permits meaningful appellate review, a writ of mandamus will not be issued to compel findings of fact and conclusions of law. State ex rel. Carrion v. Harris (1988), 40 Ohio St.3d 19, 19–20, 530 N.E.2d 1330, 1330–1331. Here, as the court of appeals concluded, the trial court entry was sufficiently adequate to apprise both Konoff and the court of appeals of the rationale for denying Konoff's petition. See, e.g., State v. Lawson (1995), 103 Ohio App.3d 307, 312–313, 659 N.E.2d 362, 366.

Based on the foregoing, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.