[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 211.]

THE STATE EX REL. KONOFF, APPELLANT, *v*. MOON, JUDGE, APPELLEE.

[Cite as *State ex rel. Konoff v. Moon*, 1997-Ohio-398.]

*Mandamus compelling common pleas court judge to issue findings of fact and conclusions of law in dismissal of a petition for postconviction relief—Writ denied when entry of trial court sufficiently apprises petitioner of the reason for the judgment and permits meaningful appellate review.*

(No. 97-335—Submitted May 20, 1997—Decided July 16, 1997.)

APPEAL from the Court of Appeals for Ottawa County, No. OT-96-064.

————————————

{¶ 1} In 1990, appellant, Rodney L. Konoff, was convicted of several felonies, including attempted murder, and was sentenced accordingly. See *State v. Konoff* (Nov. 1, 1991), Ottawa App. No. 90-OT-036, unreported, 1991 WL 224991, appeal dismissed (1992), 63 Ohio St.3d 1460, 590 N.E.2d 754. In September 1996, Konoff filed a petition for postconviction relief in the Ottawa County Court of Common Pleas. Appellee, Ottawa County Court of Common Pleas Judge Paul C. Moon, dismissed Konoff's petition without holding an evidentiary hearing. Judge Moon noted the following in his entry:

"Defendant was convicted and sentenced herein July 25, 1990. The gist of his petition to the Court is that he should now be resentenced based upon the provisions of Senate Bill 2 effective July 1, 1996. Pursuant to the provisions of Section 5 of Amended Substitute Senate Bill 2, also effective July 1, 1996, 'The provisions of the Revised Code in existence prior to July 1, 1996 * * * apply to a person upon whom a court imposed a term of imprisonment prior to that date' and notwithstanding Division (B) of section 1.58 of the Revised Code."

{¶ 2} Konoff then filed a complaint in the Court of Appeals for Ottawa County for a writ of mandamus to compel Judge Moon to issue findings of fact and

conclusions of law on his decision dismissing Konoff's postconviction relief petition. The court of appeals denied the writ.

{¶ 3} The cause is now before this court upon an appeal as of right.

———————————

*Rodney L. Konoff, pro se*.

*Mark Mulligan*, Ottawa County Prosecuting Attorney, for appellee.

———————————

***Per Curiam.***

{¶ 4} Konoff asserts that the court of appeals erred by denying the writ of mandamus. Konoff seeks to compel the common pleas court to issue findings of fact and conclusions of law.

{¶ 5} Findings of fact and conclusions of law are mandatory if the trial court dismisses a petition for postconviction relief. R.C. 2953.21(C); *State v. Lester* (1975), 41 Ohio St.2d 51, 70 O.O.2d 150, 322 N.E.2d 656, paragraph two of the syllabus. Mandamus will lie to compel a trial court to issue findings of fact and conclusions of law when it dismisses a petition for postconviction relief. *State ex rel. Brown v. Court of Common Pleas of Coshocton Cty.* (1986), 23 Ohio St.3d 46, 23 OBR 122, 491 N.E.2d 303.

{¶ 6} The rationale for requiring findings of fact and conclusions of law is to apprise the petitioner of the reasons for the trial court's judgment and to permit meaningful appellate review. *State v. Mapson* (1982), 1 Ohio St.3d 217, 219, 1 OBR 240, 242, 438 N.E.2d 910, 912. If the entry of the trial court sufficiently apprises the petitioner of the reasons for the judgment and permits meaningful appellate review, a writ of mandamus will not be issued to compel findings of fact and conclusions of law. *State ex rel. Carrion v. Harris* (1988), 40 Ohio St.3d 19, 19-20, 530 N.E.2d 1330, 1330-1331. Here, as the court of appeals concluded, the trial court entry was sufficiently adequate to apprise both Konoff and the court of

appeals of the rationale for denying Konoff's petition.  See, *e.g., State v. Lawson* (1995), 103 Ohio App.3d 307, 312-313, 659 N.E.2d 362, 366.

{¶ 7} Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————