Defendant-appellant, James R. Huggins, appeals pro se from a Fayette County Court of Common Pleas decision that dismissed his petition for postconviction relief following an evidentiary hearing. We affirm.
On October 5, 1994, appellant pled guilty to theft in violation of R.C. 2913.02 and burglary in violation of R.C. 2911.12(A)-(1). On October 14, 1994, the trial court sentenced appellant to a minimum of five years and a maximum of fifteen years in prison. On September 23, 1996, appellant filed a petition for postconviction relief claiming that he was prevented from contacting an attorney and that his guilty plea was not made knowingly and voluntarily. On November 14, 1996, the trial court denied appellant's petition without an evidentiary hearing. Appellant appealed to this court and in State v. Huggins (May 5, 1997), Fayette App. No. CA96-12-029, unreported, we reversed the dismissal of appellant's petition without an evidentiary hearing. This court found that an excerpt of the sentencing transcript supported Huggins allegation that the prosecutor misled him about his sentencing. Id. at 4. In addition, we found that Huggins presented affidavits with his petition that, if believed, supported his allegations that authorities prevented him from contacting an attorney and misled him about the terms of his plea bargain. Id. Based upon these findings, we concluded that an evidentiary hearing was warranted under R.C. 2953.21 and remanded the matter to the trial court. Id. at 4-5.
Upon remand, the trial court conducted an evidentiary hearing on October 17, 1997. After appellant, appellant's mother and appellant's grandmother testified, the prosecutor moved for "summary judgment" on the grounds that Huggins had failed to establish a constitutional violation that warranted postconviction relief. On October 30, 1997, the trial court issued a journal entry which found that "[b]ased upon the testimony and the evidence, the court finds that there is insufficient evidence to meet [appellant's] burden of proof; therefore, there is no basis for a finding of post conviction relief." Based upon this finding, the trial court granted "summary judgment" in favor of the state.
On appeal, appellant assigns four assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT FAILED TO ISSUE MEANINGFUL FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ITS JUDGMENT ENTRY DENYING POSTCONVICTION RELIEF.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN ITS APPLICATION OF SUMMARY JUDGMENT IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF, THAT APPLICATION BEING IN CONFLICT WITH R.C. 2953.21(D).
Assignment of Error No. 3:
 THE DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO LEGAL COUNSEL AT ALL CRITICAL STAGES OF THE CRIMINAL PROCEEDINGS IN THE INSTANT MANNER, AND FURTHER, DEFENDANT DID NOT WAIVE HIS RIGHT TO COUNSEL IN A KNOWING OR VOLUNTARY MANNER IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
Assignment of Error No. 4:
 THE DEFENDANT-APPELLANT'S PLEA OF GUILTY WAS INDUCED BY FALSE PROMISES, OR PROMISES WHICH REMAIN UNFULFILLED, NOR WAS APPELLANT AWARE OF THE DIRECT CONSEQUENCES OF HIS UNCOUNSELED PLEA, CAUSING SUCH PLEA TO NO BE KNOWINGLY OR VOLUNTARILY MADE IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
In his first assignment of error, appellant argues that the trial court erred by failing to issue meaningful findings of fact and conclusions of law. Pursuant to R.C. 2953.21(A)(1), postconviction relief is only warranted where "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." If a trial court determines that there are not grounds for granting postconviction relief, the court must make findings of fact and conclusions of law. R.C.2953.21(G); State ex rel. Konoff v. Moon (1997), 79 Ohio St.3d 211,212. "The rationale for requiring findings of fact and conclusions of law is to apprise the petitioner of the reasons for the trial court's judgment and to permit meaningful appellate review." Id., citing State v. Mapson (1982), 1 Ohio St.3d 217,219.
In the present case, the trial court's judgment entry stated "[b]ased upon the testimony and the evidence, the court finds that there is insufficient evidence to meet [appellant's] burden of proof; therefore, there is no basis for a finding of post conviction relief." It necessarily follows from this finding that the trial court determined that the evidence appellant presented was not credible and failed to show that he was prevented from contacting an attorney or that his guilty plea was not made knowingly and voluntarily. Therefore, the trial court's judgment entry was adequate to apprise appellant and this court of the reasons for denying appellant's petition. See State ex rel. Konoff at 212, citing State v. Lawson (1995), 103 Ohio App.3d 307,312-313. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred procedurally by dismissing his petition for postconviction relief on "summary judgment." Summary judgment in a proceeding for postconviction relief is only proper if the right thereto appears on the face of the record. R.C. 2953.21(D); State v. Sklenar (1991), 71 Ohio App.3d 444, 446. In appellant's previous appeal, we determined that an evidentiary hearing was required because Huggins presented evidence with his petition that, if believed, supported his allegations that authorities prevented him from contacting an attorney and misled him about the terms of his plea bargain. Thus, the state's right to summary judgment did not appear on the face of the record. Accordingly, we find that the trial court erred by characterizing the judgment granted in favor of the state upon remand as "summary judgment."
Although the trial court erred by dismissing appellant's petition on "summary judgment," we find that the error was harmless. A trial court's error is harmless in a postconviction proceeding if it does not prejudice or affect the substantial rights of the parties. Civ.R. 61; State v. Morehouse (Aug. 12, 1997), Meigs App. No. 96CA25, unreported. R.C. 2953.21(G) provides that if a trial court does not find grounds for postconviction relief, the trial court "shall enter judgment denying relief on the petition." As discussed with respect to appellant's other assignments of error, the trial court considered the evidence presented and did not find grounds for postconviction relief. Therefore, even though the trial court's journal entry is improperly couched in terms of granting "summary judgment," the error would not have changed the outcome and did not prejudice or affect appellant's substantial rights. Accordingly, we find that the trial court's error was harmless and appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that since he was denied his right to counsel at all critical stages of the proceedings, the trial court erred by dismissing his petition for postconviction relief. As previously discussed, the trial court did not believe appellant's claim that he was prevented from contacting an attorney. Further, when appellant entered his guilty plea, appellant was informed of his right to counsel by the trial court, stated that he did not wish to have an attorney and executed a written waiver of his right to counsel. Finally, appellant was informed of his right to counsel at his sentencing hearing and indicated that he did not wish to have representation. Therefore, the record contains credible evidence that appellant waived his right to counsel, and we cannot find that the trial court erred by finding that appellant's claim for postconviction relief lacked merit. Accordingly, appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant argues that since he was misled about the term of the sentence that would be imposed and did not make his guilty plea knowingly or voluntarily, the trial court erred by dismissing his petition for postconviction relief. Once again, the trial court did not believe the testimony and evidence presented by appellant concerning this claim. Further, the record reveals that the trial court informed appellant of the possible sentences when he entered his guilty plea and also inquired as to whether any promises or threats had been made in return for appellant's plea. Finally, the police officer and prosecutor who appellant claimed made promises concerning the length of his sentence submitted affidavits denying the claims made by appellant. Therefore, the record contains credible evidence that appellant made his plea knowingly and voluntarily, and we cannot find that the trial court erred by finding that appellant's claim for postconviction relief lacked merit. See State v. Ramos (June 8, 1994), Lorain App. No. 93CA005741, unreported. Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.