OPINION
Defendant-appellant, Gary J. Bren, appeals from an order of the Harrison County Common Pleas Court denying his petition for post-conviction relief.
On December 12, 1994, a Harrison County Grand Jury indicted appellant on one count of aggravated arson in violation of R.C.2909.02 (A) (1) and (2), and one count of involuntary manslaughter in violation of R.C. 2903.04 (A). On January 3, 1995, and subsequent to his arrest, appellant pled not guilty to both charges. On March 16, 1995, appellant changed his plea and entered a plea of guilty to both charges. On March 22, 1995, the trial court sentenced appellant to a term of imprisonment of seven to twenty-five years on the involuntary manslaughter charge and six to twenty-five years on the aggravated arson charge, said terms to be served consecutively to one another. Appellant did not take a direct appeal of his conviction or sentence.
On September 4, 1996, appellant filed a petition for post-conviction relief requesting the trial court to vacate or set aside his sentence. The petition sets forth two claims alleging ineffective assistance of counsel. Along with the petition, appellant also filed a motion for appointment of counsel and expert assistance.
On June 18, 1997, the trial court denied each of appellant's motions including his petition for post-conviction relief. The trial court explained its reasoning as follows:
 "Defendant was fully and completely represented by both court appointed counsel and counsel retained by his family. His interests and constitutional rights were fully protected by the effective assistance of counsel. The Defendant does not present any new issues or any other grounds ripe for examination."
This appeal followed.
Appellant brings three assignments of error. Because of its dispositive effect on the instant appeal we first discuss appellant's third assignment of error, which states:
 "THE TRIAL COURT FAILED TO MAKE AND FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS REQUIRED BY R.C. § 2953.21 (C) AND THEREBY DEPRIVED BREN OF HIS RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS."
If a trial court dismisses a petition for post-conviction relief, it is required to make findings of fact and conclusions of law. R.C. 2953.21 (C); State ex. rel. Konoff v. Moon (1997),79 Ohio St.3d 211, 212. The purpose of the requirement is "to apprise the petitioner of the reasons for the trial court's judgment and to permit meaningful appellate review." Konoff,supra, at 212. This purpose can be served despite the fact that the trial court does not label its judgment entry as findings of fact and conclusions of law if that is what its words import.State ex rel. Carrion v. Harris (1988), 40 Ohio St.3d 19, 20.
The substantive grounds for appellant's petition were that he was denied the effective assistance of counsel. Specifically, appellant asserts in the petition that he was on psychiatric medication, that his attorneys failed to conduct an investigation, and that his attorneys failed to share with appellant the results of a coroner's report. The trial court's entry dismissing the petition simply states that appellant received effective assistance of counsel. There is no discussion of the specific factual matters raised by appellant in the petition, nor does the entry make reference to that portion of the file or record that supports the trial court's findings in this respect. Furthermore, the trial court's entry fails to provide any basis upon which this court might conduct meaningful appellate review. We therefore hold that the trial court's judgment entry dismissing appellant's petition is insufficient to comprise the requisite findings of fact and conclusions of law required by R.C. 2953.21(C).
Appellant's third assignment of error is found to have merit. As such, appellant's remaining assignments of error are moot and this court need not address them at this time. See App.R. 12 (A) (1) (c).
Accordingly, this matter is remanded with instructions to the trial court to make the necessary findings of fact and conclusions of law.
Vukovich, J., concurs.
Waite, J., concurs.
APPROVED:
 _____________________ Gene Donofrio Judge