OPINION
George R. Shingleton appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his petition for postconviction relief.
In 1981, a jury found Shingleton guilty of the October 18, 1980 aggravated murder and aggravated robbery of Scott Kimberlin. The trial court sentenced him to life imprisonment. Represented by new counsel, Shingleton appealed. We affirmed his conviction in State v. Shingleton (Apr. 29, 1982), Montgomery App. No. 7375, unreported. On September 18, 1989, Shingleton filed a pro se
petition for postconviction relief, which the trial court dismissed without making any factual findings or legal conclusions. Shingleton appealed, and we remanded the matter to the trial court for findings of fact and conclusions of law. SeeState v. Shingleton (Apr. 30, 1990), Montgomery App. No. 11929, unreported. Shingleton filed a writ of procedendo on August 20, 1998. The trial court issued findings of fact and conclusions of law on October 30, 1998. Shingleton filed a notice of appeal on February 16, 1999. He raises two assignments of error.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF, BY FAILURE TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE SUBSTANTIVE BASIS OF EACH CLAIM CONTAINED IN THE PETITION AND THE FINDINGS MADE ARE NOT SUBSTANTIVE ENOUGH OR ARTICULATE ENOUGH FOR APPELLATE REVIEW.
Shingleton contends that the trial court's findings of fact and conclusions of law were inadequate to apprise him of the basis for denying his petition and to allow for meaningful appellate review.
As summarized by the trial court, Shingleton sought postconviction relief for the following reasons: (1) he was convicted solely on the basis of accomplice testimony uncorroborated by independent evidence; (2) the prosecutor made false statements about the evidence during his opening statement and throughout the course of trial; (3) the trial court failed to instruct the jury on accomplice testimony and on disregarding the prosecutor's false statements; and (4) his defense counsel was ineffective for failing to exercise another peremptory challenge, to object to an irregularity in the proceedings, to adequately cross examine witnesses, to make timely objections, to offer defense exhibits into evidence, to preserve objections during unrecorded bench conferences, to inform jurors that an exhibit was not evidence, and to request a jury instruction on accomplice testimony. Additionally, Shingleton sought postconviction relief based on the prosecutor's alleged violation of Evid.R. 607 and on his trial counsels' failure to make a Crim.R. 29 motion.
The trial court found as follows:
 1. All of the claims of violation of rights took place in the Juvenile Division proceedings or in the proceedings in the General Division of the Common Pleas Court. They either were a part of the record made by the Court stenographer, or the failure to record them was known and apparent at the time they occurred. For example, the failure to record sidebar conferences was obvious at trial and when the transcript was reviewed.
 2. Petitioner's attorney for his appeal was a different person than the trial attorneys, and could independently evaluate the performance of the trial attorneys.
Based on these findings, the trial court concluded:
 1. With respect to the First Findings of Fact, all the claims of constitutional violations were known at the time of the trial and/or the time of his appeal of his conviction. The claims could have been made on direct appeal.
 Therefore, the doctrine of res judicata applies to these claims, and post conviction relief is not available. State v. Steffen (1994), 70 Ohio St.3d 399.
 2. The same result necessarily follows with respect to the claims of ineffective assistance of counsel. Appellate counsel was different from the attorneys who represented Mr. Shingleton at trial. Therefore, any appropriate ineffective representation claims could and should have been submitted as part of the direct appeal.
 3. For these reasons, the Court must DENY the petition for relief after judgment.
In addition to determining that Shingleton's claims were barred by the doctrine of res judicata, the trial court addressed the substance of the claims:
 3. Petitioner states that no person may be convicted solely upon testimony of an accomplice, unsupported by the other evidence. [See] R.C. 2923.03(D), as it existed in 1980, when these crimes occurred.
 After reading the transcript, the Court does not find that any of the witnesses were accomplices of defendant in the commission of the robbery or the killing of Scott Kimberlin. The witnesses who testified about the events of October 18, 1980 were Paul Creech, David Isaac, Darrell Morgan, Charlotte Morgan, and Eric Lawson. The last three persons are friends of defendant, and they frequently spent time with him, and they were with him during most of the evening of October 18, 1980.
 There is no evidence that they aided or assisted defendant in committing either of the crimes. An accomplice is one who solicits another to commit an offense; one who aids another in committing an offense; one who conspires with another to commit an offense; or, one who causes an innocent person to commit an offense. R.C. 2929.03. Mere association with an offender is not aiding and abetting. Active participation by way of assistance or encouragement, is required. State v. Nievas (199[7]), 121 Ohio App.3d 451.
 The four friends went out with Scott Kimberlin on October 18, 1980, and drank alcohol and used drugs with him. Shingleton and Lawson went out to buy more beer at Kimberlin's request.
 Some of them received cash from Shingleton right after the shooting. But there is no evidence that they helped take the money from the victim, nor that they observed the money being taken. They may have assumed that the money was stolen from Scott Kimberlin, but no evidence supports that their acceptance of the money was in return for assistance to Shingleton. Nor is there any other evidence of complicity.
 Accordingly, the witnesses were not accomplices of Defendant in either crime.
 4. The petitioner says there was no corroborating evidence to support the alleged accomplice testimony. The Court finds that there was some evidence tending to corroborate the testimony of Charlotte Morgan and Eric Lawson that defendant fired the gun at Kimberlin. That evidence included the statement by Shingleton to Lawson about starting to get Kimberlin's "stuff," Creech's testimony about his presence at the general area on Stoney Hollow Road; and the giving of some cash to his friends after the shooting.
 5. The petitioner states that the prosecutor made misstatements about the evidence. Particularly, he cites statements about where the shooter was at the time of the shot, and his movements prior to the shooting. The Court finds that these misstatements, if they were wrong, did not rise to the level of conduct violative of defendant's constitutional rights. In this instance the jury heard both versions of Lawson's statement describing the position of defendant vis-a-vis the victim. They could make their own determination of what, if anything, to believe.
 6. Defendant states that his attorneys were ineffective, and fell below the appropriate standard of legal representation. The specific failures are as follows:
 a. Failure to exercise peremptory challenge. The decision about whether to peremptorily challenge a juror against whom a cause challenge was denied, is a matter of trial judgment. There are limits as to the number of peremptory challenges which may be exercised. The Court finds that there is no evidence that the choice exercised by counsel in this case worked to defendant's prejudice.
 b. There is no evidence that the failure to object to a delay in the trial for three hours to permit participants to view the splashdown of an astronaut on television in any way prejudiced defendant.
 c. Petitioner claims his attorneys should have cross-examined the Coroner's photographer about his photographs of the victim at the scene, and the general area of the scene. There is no evidence that cross-examination of this witness would have yielded anything of value to the defense.
 d. Petitioner claims his attorneys failed to have objections properly sustained. The Court finds no evidence where such situations deprived defendant of his constitutional rights.
 [e.] Petitioner claims that his counsel failed to tell the jury that the bullet found by Eric Lawson's mother, exhibit 15 for identification, was not evidence in the case. The Court finds that said item was not admitted into evidence, and the Court told the jury that the evidence in the case was the testimony and exhibits admitted into evidence during trial. (Volume II, P. 328)
 [f.] Petitioner cites as ineffective assistance the failure to preserve error made at benchside conferences. The Court finds there is no extrinsic evidence presented of the happening of such error; nor does petitioner point to rulings on evidence before or after the conferences which depict such error.
 [g.] Failure to offer defense exhibits. Petitioner identifies no defense exhibits which should have been offered in evidence.
 h. Failure to request a jury instruction on how to evaluate testimony of an accomplice. The above findings three and four dispose of this claim.
Based on these findings on the substance of Shingleton's claims, the trial court concluded:
 4. Defendant's conviction was not based solely upon testimony of accomplices.
 5. The alleged failure to instruct the jury about how to evaluate accomplice testimony was not a violation of Defendant's constitutional rights. Such instruction was not requested or required.
 6. Even if there were misstatements by the prosecutor about the evidence, the jurors could determine what the facts were from the actual testimony. Such misstatements, if they were made, did not violate defendant's constitutional rights.
 7. With respect to the claims of ineffectiveness of counsel, the petitioner has not shown that his trial counsel were deficient in their representation of him. Nor has he shown that the alleged deficient performances prejudiced him. Strickland v. Washington (1984), 466 U.S. 668.
 There is no basis to grant relief from judgment as to this claim of ineffective assistance of counsel.
R.C. 2953.21(G) provides, "If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." In State ex rel. Konoff v. Moon (1997), 79 Ohio St.3d 211,212, the supreme court explained:
 Findings of fact and conclusions of law are mandatory if the trial court dismisses a petition for postconviction relief. * * *
 The rationale for requiring findings of fact and conclusions of law is to apprise the petitioner of the reasons for the trial court's judgment and to permit meaningful appellate review. If the entry of the trial court sufficiently apprises the petitioner of the reasons for the judgment and permits meaningful appellate review, a writ of mandamus will not be issued to compel findings of fact and conclusions of law. (Citations omitted.)
In our judgment, the trial court in this case did an exceptional job of apprising Shingleton of the reasons for dismissing his petition and of discussing Shingleton's claims in a way permitting meaningful appellate review. The trial court not only explained why Shingleton's claims were barred by the doctrine of resjudicata, but went on to conduct a thorough examination of the merits of his claims. The trial court's findings and conclusions therefore satisfied the requirement set out in R.C. 2953.21(G). Although the trial court did not make specific findings or conclusions on Shingleton's claims of the prosecutor's alleged violation of Evid.R. 607 and his trial counsels' failure to make a Crim.R. 29 motion, these claims are barred by res judicata because they were apparent from the record and should have been brought on direct appeal.
Shingleton's first assignment of error is overruled.
 II. DID THE TRIAL COURT PROPERLY CONSIDER THE QUESTION OF WHETHER OR NOT APPELLANT-PETITIONER'S CLAIMS IF TRUE WOULD RENDER THE JUDGMENT VOID?
Shingleton contends that the trial court erred in dismissing his petition because his claims of ineffective assistance of counsel were not barred by the doctrine of res judicata. InState v. Cole (1982), 2 Ohio St.3d 112, syllabus, the supreme court stated:
 Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief. (Citation omitted.)
Shingleton was respresented by new counsel for his direct appeal and, as the trial court properly noted, the claims of trial counsels' ineffectiveness that could have been resolved without resort to evidence outside of the record should have been brought on direct appeal. Although we are not convinced that Shingleton's claims of ineffective assistance of counsel for failure to adequately cross examine witnesses and to preserve for appeal issues that arose during unrecorded bench conferences could have been determined without resort to evidence dehors the record, Shingleton has not demonstrated that any errors occurred or that the alleged improper conduct prejudiced his defense. Thus, Shingleton's claims of trial counsels' ineffectiveness were either barred by res judicata or were alleged with no more than conclusory statements as to the prejudicial impact on his defense which were insufficient to warrant post-conviction relief.
Shingleton's second assignment of error is overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Carley J. Ingram
George Shingleton
Hon. Patrick J. Foley