DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Ricky Lee Yauger appeals from the judgment of the Summit County Court of Common Pleas, denying his petition for postconviction relief. We affirm.
On December 17, 1992, a jury found Yauger guilty of two counts of aggravated robbery, two counts of grand theft, one count of kidnapping, and one count of felonious assault, with various accompanying specifications. The trial court sentenced Yauger accordingly. Yauger appealed his convictions to this court, and we affirmed the trial court. State v. Yauger (Oct. 27, 1993), Summit App. No. 16143, unreported.
On September 11, 1996, Yauger filed a petition for postconviction relief, pursuant to R.C. 2953.21. The state responded in opposition to Yauger's petition. The trial court denied the petition on March 31, 1997. Yauger appealed to this court, and we reversed and remanded for the trial court to make findings of fact and conclusions of law on each of the claims in Yauger's petition. State v. Yauger (Feb. 25, 1998), Summit App. No. 18467, unreported.
On remand, Yauger filed several motions with the trial court. He moved for the trial court to take judicial notice of certain facts in his affidavit in support of his petition. He also moved for the appointment of counsel and for the appointment of an expert at state expense. The latter two motions were denied; the motion to take judicial notice was never explicitly ruled upon by the trial court.
On November 10, 1998, the trial court issued its findings of fact and conclusions of law. After considering each of Yauger's claims, the trial court denied his petition for postconviction relief. This appeal followed.
Yauger asserts four assignments of error. We will address each in turn.
 I.
In his first assignment of error, Yauger argues that the trial court's order denying his petition for postconviction relief did not set forth findings of fact and conclusions of law that sufficiently address each of his claims. We disagree.
Under R.C. 2953.21(C), a trial court that dismisses a petition for postconviction relief without an evidentiary hearing must make findings of fact and conclusions of law. These findings and conclusions need only "apprise the petitioner of the reasons for the trial court's judgment [in order] to permit meaningful appellate review." State ex rel. Konoff v. Moon (1997), 79 Ohio St.3d 211,212. In the case at bar, the trial court's judgment addresses each of the claims raised by Yauger in a manner sufficient to apprise this court of the bases for its decision. Therefore, the trial court has complied with R.C. 2953.21(C). Yauger's first assignment of error is overruled.
 II.
Yauger asserts in his second assignment of error that the trial court should have granted an evidentiary hearing on his petition and that the court erred by denying his petition without such a hearing. We disagree.
Yauger's petition alleged seven instances of ineffective assistance of trial counsel.[1] "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson
(1980), 64 Ohio St.2d 107, syllabus. The right to an evidentiary hearing on a petition for postconviction relief is not automatic.Id. at 110. Before a trial court grants a hearing, it "shall determine whether there are substantive grounds for relief." R.C. 2953.21(C). See, also, State v. Cole (1982), 2 Ohio St.3d 112,113. Furthermore, as recently stated by the Ohio Supreme Court,
 [i]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.
State v. Calhoun (1999), 86 Ohio St.3d 279, paragraph one of the syllabus.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100.
We now address each of Yauger's seven claims, consolidating those claims that present related issues.
 First, Fifth, and Seventh Claims
In the first claim, Yauger argues that his trial counsel was ineffective because counsel failed to introduce into evidence certain fingerprint or palmprint evidence that Yauger claims would have exonerated him. In the fifth claim, Yauger asserts that counsel was ineffective for failure to introduce evidence or obtain the testimony of witnesses from a hospital where Yauger was treated for a gunshot wound that was alleged to have occurred during his crimes. In the seventh claim, Yauger contends that counsel was ineffective for failure to present additional evidence or witnesses relating to the evening on which the crimes were committed.
Yauger's arguments are without merit. "The decision to present evidence, alibi or otherwise, is a trial tactic." State v.Yeager (June 1, 1994), Summit App. No. 16592, unreported, at 3. Because these matters rest soundly with trial counsel, we will not second-guess counsel's decisions on these evidentiary questions.
 Second Claim
In the second claim, Yauger argues that counsel was ineffective because he failed to interview alibi witnesses prior to trial. He presents the affidavits of four people who were alibi witnesses on Yauger's behalf at trial. All of these affidavits are identical, except for the name of the affiant, and all state that they testified at trial but did not speak to Yauger's counsel prior to trial.
This claim is meritless. Even assuming the truth of the affidavits, Yauger has failed to demonstrate how counsel's failure to speak with the affiants prior to trial prejudiced his defense. The affidavits fail to assert that additional exculpatory testimony could have been elicited by a pre-trial meeting between these witnesses and trial counsel.
 Third and Fourth Claims
In the third and fourth claims, Yauger contends that counsel was ineffective for failure to interview and call as witnesses two persons who would have given additional credence to his alibi. He contends that these claims are supported by his own affidavit and the affidavits of those two persons.
A review of Yauger's petition reveals that no affidavits of the two persons identified are attached. Thus, the only support for Yauger's claims is his own self-serving affidavit. As noted above, a trial court is given discretion to decide that an affidavit submitted with a petition for postconviction relief is not credible. Calhoun, 86 Ohio St.3d at paragraph one of the syllabus. Given the lack of other supporting materials, the trial court did not abuse its discretion by discounting the credibility of Yauger's own affidavit. The third and fourth claims are without merit.
 Sixth Claim
In the sixth claim, Yauger alleges that trial counsel was ineffective because counsel refused to let Yauger testify on his own behalf at trial. This claim is also meritless. The decision as to whether a defendant should testify on his own behalf at trial constitutes a trial tactic. Yauger had an extensive criminal record prior to the trial at issue herein, which would have been ample fodder for the state to impeach him on cross-examination. This decision did not constitute ineffective assistance of counsel.
Summary
None of the seven claims asserted in Yauger's petition for postconviction relief presents substantive grounds for relief, and all are without merit. The trial court did not err by denying his petition without an evidentiary hearing. Accordingly, the second assignment of error is overruled.
 III.
In his third assignment of error, Yauger argues that the trial court should have granted his motion to take judicial notice of his affidavits.[2] This argument is meritless. Under Evid.R. 201(B), a trial court may only take judicial notice of evidence that "is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonabl[y] be questioned." The affidavits attached to Yauger's petition do not fall within either of these categories. Yauger's third assignment of error is overruled.
 IV.
In the fourth assignment of error, Yauger argues that the trial court erred by denying his motion for appointment of counsel and his motion for the appointment of an expert, a private investigator. We disagree.
Yauger does not have a right to appointed counsel in a postconviction proceeding. State v. Crowder (1991), 60 Ohio St.3d 151, paragraph one of the syllabus. Likewise, Yauger has no right to the appointment of experts in a postconviction proceeding.State v. Raglin (June 25, 1999), Hamilton App. No. C-980425, unreported, 1999 Ohio App. LEXIS 2876, at *18. The trial court did not err by denying Yauger's motions. The fourth assignment of error is overruled.
Yauger's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER
FOR THE COURT CARR, P.J.
WHITMORE, J.
CONCUR
[1] Yauger's trial counsel also represented him on direct appeal.
[2] Because the trial court did not rule on the motion, we presume that it was denied. Univ. Mednet v. Blue Cross BlueShield of Ohio (1997), 126 Ohio App.3d 219, 236.