OPINION AND JOURNAL ENTRY
This cause is a Petition for Writ of Mandamus filed by Relator on November 12, 1999. In his petition, Relator asserts that he had filed a Petition for Post-Conviction Relief and Respondent had failed to issue a ruling on his Petition. Attached to the complaint in this case are a copy of the indictment issued against Relator, a copy of the February 3, 1997 sentencing entry after Relator's guilty pleas to burglary and theft, a copy of his post-conviction relief petition filed May 24, 1999, and his September 27, 1999 request for default/summary judgment.
On January 13, 2000, Respondent filed a response to the complaint. Attached to the response is a copy of a January 10, 2000 journal entry of Respondent court which recites in toto:
 "Defendant's Petition for Post-Conviction and Defendant's Petition for Procedural Default/Summary Judgment are hereby denied."
Based on such entry, Respondent submits that the Petition for Writ of Mandamus is now moot and should be dismissed. We agree that the Petition for Writ of Mandamus is subject to dismissal but not in the manner or for the reason stated by Respondent.
Relief prayed for by Relator in his petition is "for Procedural Default/Summary Judgment pursuant to O.R.C. 2953.21(D), and Criminal Rule 12 of Ohio Procedure in regards to fact findings and conclusions of law pursuant to Civil Rule 55 of the O.R.C." By said language, Relator is seeking an order from this court to compel Respondent to grant summary judgment in his favor and allow post-conviction relief. Obviously, the order of January 10, 2000 denies such relief. However, our analysis does not end at that point. R.C. 2953.21(G) recites in pertinent part:
 "(G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."
The record before this court is void of any of the required findings and conclusions. This court cannot discern whether the trial court denied the petition on the merits or on some other basis under R.C. 2953.21.
As stated in State ex rel. Ferrell v. Clark (1984), 13 Ohio St.3d 3
:
 "In State v. Mapson (1982), 1 Ohio St.3d 217, 218, we held that `* * * R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the period for filing an appeal therefrom.'"
See, also, State ex rel. Konoff v. Moon (1997), 79 Ohio St.3d 211.
Under a Ferrell analysis, the order of January 10, 2000 is not a final appealable order. The time to file an appeal from the denial order is extended until such time as the lower court issues findings of fact and conclusions of law. Mandamus will lie to compel a court to proceed to final judgment. State ex rel.Turpin v. Court of Common Pleas (1966), 8 Ohio St.2d 1.
As the relief requested by the subject Petition for Writ of Mandamus has been rendered moot by Respondent's journal entry of January 10, 2000, we hereby dismiss this petition. We further note however, that the order of January 10, 2000 is not a final appealable order absent statutorily mandated findings of fact and conclusions of law.
Petition dismissed. Costs taxed against Relator. Clerk to serve a copy of this Opinion and Journal Entry on counsel of record or unrepresented party. Final order.
 ______________________________ JUDGE GENE DONOFRIO
 ______________________________ JUDGE JOSEPH J. VUKOVICH
 ______________________________ JUDGE CHERYL L. WAITE