JOURNAL ENTRY AND OPINION
Defendant-appellant pro se appeals the trial court's failure to issue findings of facts and conclusions of law when it denied his second petition for post-conviction relief of his sentence.
In a jury trial defendant was found guilty of felonious assault with a firearm specification and of disrupting public services. He was sentenced to concurrent terms of five years for the felonious assault and one for disrupting public services. For the firearm specification, he also received a consecutive sentence of three years to be served prior to the other concurrent sentences. His conviction was affirmed by this court.
Over a year later, in a post-conviction relief petition to vacate his sentence, defendant claimed ineffective assistance of counsel on the basis that the firearm specification should not have been included because the gun used in the assault would not fire.
The trial court denied the petition less than a month later but did not issue findings of fact and conclusions of law for over a year. The findings of fact and conclusions of law, which were signed by the court on May 9, 2001, were journalized on May 25th. Meanwhile, defendant filed a second petition for post-conviction relief to modify or vacate his sentence on May 11, 2001, which petition the court denied on June 11, 2001 without findings of fact or conclusions of law. It is the ruling on this second petition that is being appealed.
Defendant states one assignment of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN RULING ON APPELLANT'S POSTCONVICTION PETITION.
Defendant, pro se, argues that he cannot appeal the denial without knowing the basis of the court's decision. Citing State v. Mapson
(1982), 1 Ohio St.3d 217, defendant claims that "findings of fact and conclusions of law are part and parcel of a judgment denying post-conviction relief * * *." Id. at 219. He points out that the purpose for requiring the trial court to issue findings of fact and conclusions of law "is to apprise the petitioner of the reasons for the trial court's judgment and to permit meaningful appellate review." State ex rel. Konoffv. Moon (1997), 79 Ohio St.3d 211, 212.
Post-conviction relief is controlled by R.C. 2953.23, which states:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, The Unites States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found petitioner guilty of the offense of which the petitioner was convicted * * *.
 (B) An order awarding or denying the relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code.
"[U]nder R.C. 2953.23(A), it is within the sound discretion of the trial court to entertain a second petition or successive petitions for similar relief based upon the same facts." State ex rel. Workman v.McGrath (1988), 40 Ohio St.3d 91. In Workman, the Supreme Court of Ohio additionally held "that the trial court is not required to file findings of fact and conclusions of law when declining to entertain a second or successive petition for post-conviction relief which alleges the same grounds as earlier petitions. Id. Gause v. Zaleski (1999),85 Ohio St.3d 614, 615. See, also, State ex rel. Jennnings v. Nurre
(1995), 72 Ohio St.3d 596.
The trial court therefore did not err by not including findings of fact and conclusions of law when it denied Defendant's Motion to Vacate/Modify Sentence, filed May 11, 2001.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., and TERRENCE O'DONNELL, J., CONCUR.