DECISION.
Defendant-appellant Terrence Gholston was found guilty by a jury of two counts of aggravated robbery with one firearm specification. Gholston's convictions and sentences were upheld on direct appeal to this court under the case number C-010104. The Ohio Supreme Court declined to review our judgment under the number 01-2148. Gholston then filed an application with this court to reopen his appeal on January 15, 2001, under the case number C-010104. A ruling on the application has yet to be made.
On October 15, 2001, Gholston, acting pro se, filed a postconviction petition captioned "Defendant's Motion to Vacate or Set Aside Sentence." On November 30, 2001, the trial court denied the postconviction petition without a hearing. The trial court's entry stated in its entirety, "This matter came upon Defendant's Motion to Vacate or Set Aside Sentence and the Court, being fully advised in the premises, overrules the Motion." Gholston now appeals, raising two assignments of error. Because the entry from which Gholston appeals is not a final appealable order, we must dismiss his appeal.
R.C. 2953.21(C) and (G) provide that when a trial court dismisses a postconviction petition, with or without a hearing, it has the obligation to make and file findings of fact and conclusions of law. The Ohio Supreme Court has held that a judgment entry filed without findings of fact and conclusions of law "is incomplete and, thus, does not commence the running of the period for filing an appeal therefrom."[1] In Stateex rel. Ferrell v. Clark (1984), 13 Ohio St.3d 3, 469 N.E.2d 843, the supreme court further held that, in the absence of a final appealable order, "mandamus will lie to compel a court to proceed to final judgment in an action for postconviction relief."
In this case, the trial court did not make any findings of fact and conclusions of law when it denied Gholston's petition for postconviction relief. Under the supreme court's analysis in Ferrell, the trial court's entry does not constitute a final appealable order.[2] Consequently, we must dismiss Gholston's appeal.
Appeal dismissed.
Hildebrandt, P.J., Sundermann and Winkler, JJ.
[1] See State v. Mapson (1982), 1 Ohio St.3d 217, 218,438 N.E.2d 910.
[2] See, also, State ex rel. Konoff v. Moon, 79 Ohio St.3d 211,1997-Ohio-398, 680 N.E.2d 989.