JOURNAL ENTRY and OPINION
{¶ 1} In 1996, petitioner David Spencer filed a petition for postconviction relief that he claims the court denied without notice to him. Five years later, Spencer asked the court for relief from judgment so that he could file a direct appeal from the order denying postconviction relief. The motion for relief from judgment referenced Civ.R. 60(B)(5) and Crim.R. 36. In that motion, Spencer asked the court to correct the record of the postconviction proceeding to show that he had not been given proper notice of the court's order denying relief under the petition.
 {¶ 2} We lack a final appealable order because the court failed to issue findings of fact and conclusions of law when it denied the 1996 petition for postconviction relief. When a trial court dismisses a postconviction petition, regardless whether or not it holds a hearing, it must issue and file findings of fact and conclusions of law. R.C.2953.21(C) and (G). If the court fails to fulfill that obligation, the judgment entry is "incomplete and, thus, does not commence the running of the period for filing an appeal therefrom." State v. Mapson (1982),1 Ohio St.3d 217, 218. See, also, State ex rel. Konoff v. Moon
(1997), 79 Ohio St.3d 211.
 {¶ 3} Since the ruling on the motion for relief from judgment was not a final order or judgment, it follows that Spencer's Civ.R. 60(B) motion "was improperly labeled a Civ.R. 60(B) motion because it did not seek relief from a final judgment." Jarrett v. Dayton Osteopathic Hosp.,Inc. (1985), 20 Ohio St.3d 77, 78. That being the case, any ruling on a motion for relief from judgment on a non-final order would likewise be non-final. Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 533; Wolfv. Associated Materials (Aug. 15, 2000), Ashland App. No. 00C0A01350;Safe Auto Ins. Co. v. Perry (Jan. 25, 2001), Franklin App. No. 00AP-722.
Dismissed.
FRANK D. CELEBREZZE, JR., J., CONCURS.
COLLEEN CONWAY COONEY, J., DISSENTS WITH SEPARATE OPINION.