{¶ 1} Petitioner-appellant Lonnie Rogers appeals from the Hamilton County Common Pleas Court's judgment dismissing his petition for postconviction relief. Because the entry from which Rogers appeals is not a final appealable order, we dismiss his appeal.
 {¶ 2} Rogers was convicted upon guilty pleas to two counts of robbery and two counts of burglary. Each count carried a firearm specification. The court sentenced him to concurrent prison terms of three years for each offense and ordered that they be served consecutively to two consecutive three-year terms for the firearm specifications accompanying the robbery charges and two consecutive one-year terms for the firearm specifications accompanying the burglary charges.
 {¶ 3} Rogers failed to timely appeal his convictions, and we denied his motion for leave to file a delayed appeal. He then timely filed a petition seeking postconviction relief under R.C. 2953.21 et seq. In his petition, he asserted that he had been denied the effective assistance of trial counsel because his counsel had permitted the trial court to exceed its sentencing authority by ordering that the sentences for the firearm specifications be served consecutively. The common pleas court, in a one-line entry, denied the petition without the benefit of the state's response and without making findings of fact and conclusions of law. This appeal followed.
 {¶ 4} R.C. 2953.21(C) and (G) require a common pleas court to make and file findings of fact and conclusions of law when it dismisses a postconviction petition.[1] An entry dismissing a postconviction petition that does not contain findings of fact and conclusions of law, and that does not otherwise apprise the petitioner of the basis for dismissal and permit meaningful appellate review, "is incomplete and, thus, does not commence the running of the period for filing an appeal therefrom."[2]
 {¶ 5} The entry from which Rogers appeals, titled "Entry Denying Defendant's Petition for Post-Conviction Relief," states only that "[u]pon careful consideration of this motion filed by the defendant, Lonnie Rogers, this court hereby denies all the defendant's motions." The common pleas court did not make and file findings of fact and conclusions of law. Nor does the court's entry otherwise apprise Rogers of the basis for the court's decision or facilitate meaningful appellate review. Therefore, the entry is not a final appealable order.[3]
Accordingly, we dismiss Rogers's appeal.
Appeal dismissed.
GORMAN, P.J., and WINKLER, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Lester (1975), 41 Ohio St.2d 51, 322 N.E.2d 656, paragraph two of the syllabus.
[2] State v. Mapson (1982), 1 Ohio St.3d 217, 218, 438 N.E.2d 910; seeState ex rel. Carrion v.Harris (1988), 40 Ohio St.3d 19, 19-20,530 N.E.2d 1330.
[3] See, also, State ex rel. Konoff v. Moon, 79 Ohio St.3d 211,1997-Ohio-398, 680 N.E.2d 989;accord State v. Thomas, 1st Dist. No. C-050245, 2005-Ohio-6823; State v. Gholston, 1st Dist. No. C-010789, 2002-Ohio-3674.