[Cite as *State v. Steiner*, 2017-Ohio-2947.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16CA012 |
| TIMOTHY D. STEINER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Holmes County Court of Common Pleas, Case No.15CR054

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        May 22, 2017

APPEARANCES:

For Plaintiff-Appellee

STEVE KNOWLING
Assistant Prosecuting Attorney
Holmes County
164 E. Jackson Street
Millersburg, OH 44654

For Defendant-Appellant

TIMOTHY D. STEINER PRO SE
#A673424
Grafton Correction Institution
2500 South Avon Belden Road
Grafton, OH 44044

*Gwin, P.J.*

{¶1}   Appellant Timothy Steiner appeals the judgment entry of the Holmes County Court of Common Pleas dismissing his petition to vacate or set aside judgment of conviction or sentences.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   In 2015, appellant befriended a nine-year-old child after meeting her at his daughter's slumber party.  He began to use Facebook to send the child inappropriate messages and requests for photographs.  The child's mother discovered the messages and contacted the Holmes County Sheriff's Office.

{¶3}   An officer with the Wooster Police Department who was trained and experienced in Internet Crimes Against Children assumed the child's identity on the Facebook account and cell phone.  Over a period of two weeks, appellant sent hundreds of messages that became increasingly sexual in nature and contained detailed and graphic depictions of appellant's proposals for sexual contact with the child.

{¶4}   Appellant suggested a meeting take place on May 22, 2015 to engage in sexual conduct and asked the child to prop open her ground floor bedroom window and leave a pair of her pink panties in the window so he would know which bedroom was hers. Appellant detailed the sexual acts he would engage in with the child.

{¶5}   The Holmes County Sheriff's Office used a vacant house to pose as the child's home and had surveillance teams in place to record the encounter.  Appellant approached the window, removed the panties, and attempted to open the window. Appellant was placed under arrest.

{¶6}    Appellant was indicted on June 29, 2015 on one count of attempted rape, four counts of importuning, and one count of burglary.  Appellant signed a plea of guilty form.  Prior to the plea, the prosecuting attorney amended Count 1 of the indictment, attempted rape, to a felony of the first degree.  Based on plea negotiations, appellant entered a plea of guilty to Counts 1, 2, 3, 4, and 5.  Count 6 was dismissed by the state.  The trial court sentenced appellant to nine years in prison on Count 1 and twenty-four months on each of the importuning counts to be served consecutively, for a total year of seventeen years in prison.

{¶7}    Appellant appealed his sentence to this Court, raising one assignment of error, and arguing the trial court erred in sentencing him to consecutive sentences for his felony convictions.  We overruled appellant's assignment of error in *State v. Steiner*, 5th Dist. Holmes No. 15CA17, 2016-Ohio-4648 on June 27, 2016.  Appellant appealed this Court's decision to the Ohio Supreme Court on August 10, 2016.  On December 28, 2016, the Ohio Supreme Court declined jurisdiction of appellant's appeal.

{¶8}    On September 21, 2016, appellant filed a petition to vacate or set aside judgment of convictions or sentence.  Appellant claimed in his petition:  ineffective assistance of counsel; that his Miranda rights were not read at the time of his arrest; a hearsay witness was used to increase prosecutorial misconduct; and illegal sentencing.

{¶9}    Appellee filed a memorandum in opposition and motion to dismiss on October 19, 2016.  Appellee argued appellant's claims were barred by res judicata because he did not raise these issues in his direct appeal and/or in his appeal to the Ohio Supreme Court.  Appellee stated the trial court lacked jurisdiction to address the claims made by appellant because all of his claims could have been raised on direct appeal and

asked the trial court to dismiss appellant's petition on this basis.  The trial court granted appellee's motion to dismiss on October 25, 2016.

{¶10} Appellant appeals the judgment entry of the Holmes County Court of Common Pleas and assigns the following as error:

{¶11} "I.  PETITIONER-DEFENDANT TIMOTHY STEINER'S PETITION TO VACATE AND SET ASIDE SENTENCE SHOULD NOT HAVE BEEN DISMISSED OR NOT GRANTED WITHOUT THE COURT MAKING A STATEMENT OF FINDINGS OF FACTS AND CONCLUSIONS OF LAW."

I.

{¶12} Appellant argues the trial court erred in granting appellee's motion to dismiss his petition without making findings of fact and conclusions of law.

{¶13} On January 19, 2017, during the pendency of this appeal, appellee filed a motion for limited remand.  Appellee conceded the trial court did not prepare findings of fact and conclusions of law as required by R.C. 2953.21.  Appellee requested a limited remand to the trial court so the trial court could prepare findings of fact and conclusions of law to support its dismissal of appellant's petition for post-conviction relief.

{¶14} On February 8, 2017, this Court granted appellee's motion for limited remand and remanded this matter to the trial court to consider whether to enter findings of fact and conclusions of law relative to appellant's petition for post-conviction relief.  On March 2, 2017, the trial court issued Findings of Fact and Conclusions of Law Re: Defendant's Motion for Post-Conviction Relief.

{¶15} The trial court made detailed findings of fact with regard to the underlying case facts and the case history.  The trial court additionally entered detailed conclusions

of law. The trial court noted appellant filed no evidentiary materials with his petition. The trial court found the four claims in appellant's petition were neither raised in the trial court, nor contained in appellant's direct appeal, although each could have been raised. Thus, the trial court found appellant's claims were barred by res judicata.

{¶16} R.C. 2953.21 provides that if a court dismisses a petition for post-conviction relief before granting a hearing on the motion, it "shall make findings of fact and conclusions of law with respect to such dismissal." These findings of fact and conclusions of law are mandatory if the trial court dismisses a petition for post-conviction relief. *State ex rel. Konoff v. Moon*, 79 Ohio St.3d 211, 1997-Ohio-398, 680 N.E.2d 989.

{¶17} In this case, we find the trial court complied with the requirement of R.C. 2953.21 by issuing detailed findings of fact and conclusions of law as to why it was dismissing his petition pursuant to the doctrine of res judicata. The findings of fact and conclusions of law issued by the trial court fully support its October 25, 2016 decision to dismiss appellant's petition for post-conviction relief. Accordingly, appellant's assignment of error is overruled.

{¶18} The judgment entry of the Holmes County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur