THE STATE, EX REL. BROWN, *v.* COURT OF COMMON PLEAS OF
COSHOCTON COUNTY.

[Cite as State, ex rel. Brown, *v.* Court (1986), 23 Ohio St. 3d 46.]

(No. 85-1152—Decided April 9, 1986.)

*Larry Brown, pro se.*
*William M. Owens,* prosecuting attorney, for respondent.

*Per Curiam.* Respondent contends that it is not required to prepare findings of fact and conclusions of law when it determines that a petition for postconviction relief is without merit and was not supported by affidavits or other evidence and relies on *State* v. *Jackson* (1980), 64 Ohio St. 2d 107 [18 O.O.3d 348], and *State* v. *Kapper* (1983), 5 Ohio St. 3d 36.

Those cases do not support respondent's contention. They merely define the conditions under which a court may dispose of a postconviction petition without conducting an evidentiary hearing.

In *State* v. *Mapson* (1982), 1 Ohio St. 3d 217, we held that a trial court is required to prepare findings of fact and conclusions of law even upon a summary dismissal of a postconviction petition. Moreover, respondent has not demonstrated any particular facts which would justify departing from

the rule set forth in *Mapson*. It has not even supplied a copy of relator's petition to demonstrate its alleged deficiencies. In addition, it submits the transcripts of relator's plea and sentencing hearings to support the motion to dismiss demonstrating that it relied on more than the deficiencies in relator's petition when it denied relief.

Accordingly, the writ of mandamus is allowed on authority of *State* v. *Mapson, supra.*

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.