LOGUE

v.

**FREGIATO, Judge.**

[Cite as *Logue v. Fregiato* (1999), 132 Ohio App.3d 541.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 99–BA–12.

Decided March 24, 1999.

*David Thomas Logue, pro se.*

*Frank Pierce,* Belmont County Prosecuting Attorney, for respondent.

---

*Per Curiam.*

On February 17, 1999, *pro se* relator David Thomas Logue filed an application for writ of mandamus seeking an order to compel Belmont County Court Judge Frank A. Fregiato to file three motions for postconviction relief that relator had submitted, through a friend with power of attorney, for filing with the county court clerk. It is averred in the complaint that the deputy clerk advised relator's friend that the trial judge would have to review the filings prior to their acceptance for filing by the clerk.

Relator avers that the trial court, that same day, conducted a hearing on relator's probation violation, found a violation, and then proceeded to review and overrule all three motions for postconviction relief without their being file-stamped and entered into the record.

Relator asserts that he has no remedy at law, since "an appeal does not lie from the order that does not exist, there having been no Docket and Journal Entry of such three Motions by Defendant, no written statements in support or opposition to such three (3) motions by the Court."

R.C. 2701.20 became effective November 6, 1996. It recites in full:

"(A) Notwithstanding any other provision of the Revised Code, if a person presents a document to the clerk of a court of record for filing or for docketing and indexing, the clerk may refuse to accept the document for filing or refuse to docket and index the document if the document is not required or authorized to be filed or to be docketed and indexed with the clerk or the clerk has reasonable cause to believe the document is materially false or fraudulent. This division does not create a duty upon the clerk to inspect, evaluate, or investigate a document that is presented for filing or for docketing and indexing.

"(B) If the clerk of a court of record, pursuant to division (A) of this section, refuses to accept a document for filing or refuses to docket and index a document, the person who presented the document to the clerk may commence an action in or apply for an order from the court that the clerk serves to require the clerk to accept the document for filing or to docket and index the document. If the court determines that the document is appropriate for filing or for docketing and indexing, it shall order the clerk to accept the document for that purpose.

"(C) If the clerk of a court of record, acting under this section in a manner that is not described in division (A)(6)(b) of section 2744.03 of the Revised Code, improperly refuses to accept a document for filing or refuses to docket and index a document, the clerk shall not be personally liable on account of the improper refusal and the surety that issued the bond shall not have a right of subrogation against the clerk on account of a claim made on the clerk's bond as a result of the improper refusal."

■ It is well settled that mandamus cannot control judicial discretion. R.C. 2731.03 very explicitly states:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

■ Under the averments expressed in the application for mandamus, relator confirms that the trial court entered a ruling on the motions for postconviction relief. In the exercise of his discretion the court ruled. Implicit in the ruling is a determination that the pleadings were properly before the court and therefore includable in the record of the case.

It appears then that the administrative process of file-stamping the motions by the clerk of the county court would be routine and in furtherance of R.C. 2701.20.

Insofar as disposition of the postconviction motions, R.C. 2953.21 provides:

"(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court

dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

"(D) Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record."

If the motions filed on the same day that a hearing on relator's probation violation was scheduled are construed by the trial court as postconviction petitions under R.C. 2953.21, there is a prescribed statutory procedure for consideration and ruling on them.

When a trial court dismisses a postconviction petition without a hearing, findings of fact and conclusions of law are required. *State ex rel. Brown v. Coshocton Cty. Court of Common Pleas* (1986), 23 Ohio St.3d 46, 23 OBR 122, 491 N.E.2d 303. Moreover, mandamus will lie to compel a court to finalize its judgment by making such findings. *State ex rel. Ferrell v. Clark* (1984), 13 Ohio St.3d 3, 13 OBR 378, 469 N.E.2d 843.

Accordingly, respondent court is directed to determine whether the filings alluded to in relator's complaint constitute petitions for postconviction relief as identified in R.C. 2953.21 or post-trial criminal motions as identified in the Ohio Rules of Criminal Procedure. We refer to Crim.R. 35, which addresses the content of postconviction petitions and proceedings thereon, for uniformity in proceedings under the applicable statutes.

Final disposition of the motions/petitions shall be rendered by way of a court journal entry reflecting the ruling on such motions/petitions. It is an established rule that a court speaks through its judgment entries, reduced to writing and entered in the record by the clerk. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288, 1293–1294.

A peremptory writ of mandamus is denied in part and granted in part, with instructions to proceed as directed by this opinion. Each party to bear his costs.

*Writ granted.*

Cox, Gene Donofrio and Vukovich, JJ., concur.