Relator requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to the petition for postconviction relief filed by relator in State v. Tucker, Cuyahoga County Court of Common Pleas Case No. CR-319531 on August 18, 1997.
Respondent has filed a motion to dismiss or, in the alternative, for summary judgment attached to which is a copy of "Judgment Entry with Findings of Fact and Conclusions of Law" issued by respondent and received for filing by the clerk on November 16, 1998 ("November 16 Judgment Entry"). Relator has not opposed the motion. Respondent argues that this action in mandamus is, therefore, moot. We agree.
We must note, however, that the November 16 Judgment Entry does not include findings of fact and conclusions of law per se. Rather, the November 16 Judgment Entry states: "This Court adopts the attached State's Brief" in opposition to the petition for postconviction relief. That is, respondent incorporated by reference the state's brief as the findings of fact and conclusions of law.
 Findings of fact and conclusions of law are mandatory if the trial court dismisses a petition for postconviction relief. R.C. 2953.21(C); State v. Lester
(1975), 41 Ohio St.2d 51, 70 O.O.2d 150, 322 N.E.2d 656, paragraph two of the syllabus. Mandamus will lie to compel a trial court to issue findings of fact and conclusions of law when it dismisses a petition for postconviction relief. State ex rel. Brown v. Court of Common Pleas of Coshocton Cty.(1986), 23 Ohio St.3d 46, 23 OBR 122, 491 N.E.2d 303.
 The rationale for requiring findings of fact and conclusions of law is to apprise the petitioner of the reasons for the trial court's judgment and to permit meaningful appellate review. State v. Mapson(1982), 1 Ohio St.3d 217, 219, 1 OBR 240, 242, 438 N.E.2d 910, 912. If the entry of the trial court sufficiently apprises the petitioner of the reasons for the judgment and permits meaningful appellate review, a writ of mandamus will not be issued to compel findings of fact and conclusions of law. State ex rel. Carrion v. Harris
(1988), 40 Ohio St.3d 19, 19-20, 530 N.E.2d 1330, 1330-1331. Here, as the court of appeals concluded, the trial court entry was sufficiently adequate to apprise both Konoff and the court of appeals of the rationale for denying Konoff's petition. See, e.g., State v. Lawson
(1995), 103 Ohio App.3d 307, 312-313, 659 N.E.2d 362, 366.
State ex rel. Konoff v. Moon(1997), 79 Ohio St.3d 211, 212,680 N.E.2d 989.
By incorporating the state's argument in the November 16 Judgment Entry, respondent arguably articulated his reasons for dismissing the petition for postconviction relief. This court is unable to identify any authority prohibiting this practice of incorporation by reference. It is unclear, therefore, whether respondent has a duty to do more. Because there is no clear legal duty remaining for respondent to perform, relief in mandamus would be inappropriate.
Nevertheless, this determination does not preclude this court from determining — in the exercise of its appellate jurisdiction — that an entry comparable to that issued in Case No. 319351 (incorporating by reference the state's brief rather than issuing findings of fact and conclusions of law) is not sufficient under R.C. 2953.21(C) as well as Carrion and its progeny.
Accordingly, respondent's motion to dismiss or, in the alternative, for summary judgment is granted. Relator to pay costs.
Writ denied.
 ANN DYKE, J., CONCURS.
 ___________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE