JOURNAL ENTRY and OPINION
Relator avers that he is the defendant in State v. Siller, Cuyahoga County Court of Common Pleas Case No. CR-361726, which has been assigned to respondent judge. On September 20, 2000, relator filed a Motion Requesting the Court to Notice Plain Error in Case No. CR-361726, which the court of common pleas denied by entry received for filing on October 30, 2000. On October 18, 2000, relator filed a motion for summary judgment, which the court of common pleas denied by entry received for filing on December 12, 2000. Relator complains that respondent has failed to issue findings of fact and conclusions of law with respect to these motions. Realtor requests that this court compel respondent to issue findings of fact and conclusions of law.
Respondent has filed a motion to dismiss or, in the alternative, motion for summary judgment and argues that relief in mandamus is not appropriate. We agree.
Relator correctly observes that mandamus lies to compel a trial court to issue findings of fact and conclusions of law when it dismisses a petition for postconviction relief under R.C. 2953.21. State ex rel. Brown v. Court of Common Pleas of Coshocton Cty. (1986), 23 Ohio St.3d 46, 23 OBR 122, 491 N.E.2d 303. See State v. Mapson (1982), 1 Ohio St.3d 217,219, 1 OBR 240, 242, 438 N.E.2d 910, 912. Respondent argues, however, that the motions at issue in this action were not filed under R.C.2953.21.
The fundamental criteria for issuing a writ of mandamus are well-established:
 In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200.
State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42,374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
In State v. Reynolds (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, the defendant was convicted of aggravated robbery with a firearm specification. After the court of appeals affirmed the conviction and denied Reynolds' application for reopening, Reynolds filed a "Motion to Correct or Vacate Sentence." The trial court granted the motion and vacated the sentence. The court of appeals affirmed. The supreme court, however, reversed and held that the Motion to Correct or Vacate Sentence for a firearm specification was a motion for postconviction relief that was barred by res judicata.
Relator contends that Reynolds holds that any post direct appeal pleading is a petition for postconviction relief under R.C. 2953.21
despipte [sic] the manner in which the pleading is captioned. Relator's Motion in Opposition to Motion to Dismiss and Summary Judgment, at 3. The holding of Reynolds is not, however, as broad as relator's characterization. Reynolds's Motion to Correct or Vacate Sentence, despite its caption, meets the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1), because it is a motion that (1) was filed subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. Id. at 160.
Relator has attached to the complaint copies of the first pages of the motions filed in Case No. CR-361726. Yet, he has not demonstrated that these motions comply with the four criteria for a petition for postconviction relief set forth in Reynolds.
In State ex rel. Crim v. Villanueva (Apr. 6, 2001), Cuyahoga App. No. 79244, unreported, relator the defendant in State v. Crim, Cuyahoga County Court of Common Pleas Case No. CR-272115 filed:
 1) motion requesting the court to notice plain error Crim.R. 52(B);
2) motion for summary judgment Civil Rule 56(C); and
 3) motion requesting adjudication on the August 30, 00 (sic) September 19, 00 (sic) actions.
Id.at 1. In Case No. 79244, Crim requested that this court compel the respondent judge to issue rulings on each of the three motions. Respondent demonstrated in his motion for summary judgment that he had ruled on the motions, and this court denied relief in mandamus. The docket in Case No. CR-272115 reflects that the entries of the court of common pleas denying these motions did not include findings of fact and conclusions of law. Indeed, after the release of Case No. 79244, Crim filed a motion requesting findings of fact and conclusions of law.
Although this court's decision in Crim does not address whether findings of fact and conclusions of law are necessary with respect to the motions filed by relator in Case No. CR-361726, this court did hold in Crim that merely denying a motion requesting the court to notice plain error and a motion for summary judgment is sufficient to discharge the duty of the court of common pleas. In light of Reynolds and Crim, therefore, we cannot conclude that relator has a clear legal right to relief or that respondent has a clear legal duty to issue findings of fact and conclusions of law.
Accordingly, we grant respondent's motion to dismiss or, in the alternative, motion for summary judgment. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
 _________________________________ KENNETH A. ROCCO, PRESIDING JUDGE:
DIANE KARPINSKI, J. CONCURS, TIMOTHY E. McMONAGLE, J. CONCURS.