OPINION AND JOURNAL ENTRY
The foundation for this appeal is a pro se Petition for Post-Conviction Relief filed on June 20, 2000. The substance of that petition is a claimed denial of constitutional rights that occurred during the course of appellant's trial on a charge of rape. Each of the claimed errors is prefaced with a comment that appellant was "denied his constitutional rights to a fair and impartial trial" and then identifies some trial infirmity, ineffective assistance of counsel or proposed judicial error. Along with the petition, pro se petitioner filed a motion for leave to file and referenced R.C. 2953.21(A). R.C. 2953.21(A) is the statutory section which grants convicted offenders a right to file in the sentencing court a petition asserting that the judgment is void or voidable under the Ohio Constitution or the Constitution of the United States. Exercise of that right must be accomplished within the time specified by R.C. 2953.21(A)(2). As stated therein:
 "(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
There is a provision for a late filing of a post-conviction petition. A petitioner must comply with R.C. 2953.23(A). That statutory section recites:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."
It is uncontroverted on the record that the trial transcripts were filed on May 28, 1997. (Clerk's docket record). As stated in syllabus 2 to State v. Beaver (1998), 131 Ohio App.3d 458:
 "Post-conviction court was required to dismiss without hearing, as time-barred, pro se post-conviction petition filed one year after transcripts were filed in petitioner's direct appeal and did not have discretion to consider petition on its merits in absence of any showing of cause for delay in filing."
In this case, appellant failed to allege, let alone demonstrate, good cause for his more than three year delay in filing the petition.
On July 11, 2000, the trial court entered a judgment overruling the "Motion for Leave to file Post-Conviction Relief, O.R.C. 2953.21(A)." The trial court noted that the motions were the latest in a series of numerous post-conviction motions filed pro se. The court further noted that there was nothing in the records which would warrant an evidentiary hearing or the relief sought by appellant. No appeal was filed from that order.
Upon receipt of the above order, appellant filed a motion for findings of fact and conclusions of law. This court now addresses the relevance of such motion to the instant appeal.
Post-conviction proceedings are a collateral civil attack on a judgment and are treated as any other civil post-judgment motion. State v.Apanovitch (1995), 107 Ohio App.3d 82. Post-conviction proceedings are civil in nature. See State v. Mapson (1987), 41 Ohio App.3d 390. Ordinarily, findings of fact and conclusions of law are required when a court dismisses a petition without holding an evidentiary hearing. Stateex rel. Brown v. Court of Common Pleas of Coshocton County (1986),23 Ohio St.3d 46. A judgment without such findings and conclusions is incomplete and therefore not a final order. State ex rel. Ferrell v.Clark (1984), 23 Ohio St.3d 46. Those decisions interpret the duty of the trial court under R.C. 2953.21(C) as mandatory. That section recites in part:
 "* * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
In this case, the trial court overruled a motion for leave to file for post-conviction relief. It was not required to issue findings and conclusions in overruling the motion, as it is evident on the pleadings that appellant had failed to comply with R.C. 2953.23(A)(1) pertaining to untimely or successive petitions. The trial court lacked jurisdiction to even consider the petition. Beaver, supra.
Civ.R. 52 addresses findings by the court. That rule recites in part:
 "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
* * *
 Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."
Under this rule, the trial court is not required to issue findings and conclusions when it overrules a motion for leave to file a petition for post-conviction relief.
The record before this court indicates that on December 9, 1997, the trial court denied a petition to vacate or set aside sentence which appellant had filed on November 17, 1997. No timely appeal was taken from that judgment. The notice of appeal in this case was timely filed after the trial court's entry of August 10, 2000 addressing the motion for findings. The notice was filed on September 5, 2000.
Assuming arguendo that the matter before this court involved the denial of a successive petition for post-conviction relief, the trial court had no duty to issue findings and conclusions. As held in State ex rel.Jennings v. Nurre (1995), 72 Ohio St.3d 596:
 "Since a trial court's discretion under R.C. 2953.23(A) is not limited to entertaining successive petitions based only on the same facts, its discretion to issue findings of fact and conclusions of law in dismissing a second or successive petition for post-conviction relief is similarly not limited."
That decision and its progeny reiterate that a trial court need not issue findings and conclusions on successive petitions regardless of whether they were based on the same facts. State ex rel. Fuller v. Sutala
(1999), 86 Ohio St.3d 301.
On August 10, 2000, the trial court entered an order overruling the motion for findings and conclusions. The court enumerated the allegations and concluded:
 "This Court has reviewed these proceedings, including transcripts, exhibits and the file in full, several times by reason of the defendant's filing of a plethora of post-conviction/post-sentence motions. The Court believes that it has made more than fair review and finds nothing in defendants allegations which would warrant an evidentiary hearing or the granting of relief requested by defendant."
The trial court generally stated that the claims listed were not supported in the record and appellant was not entitled to relief. Case law and court rules have clearly established that appellant was not entitled to findings of fact and conclusions of law. The trial court, by its judgment of August 10, 2000, offered more than was legally required under the post-conviction statutes.
While findings are required in the dismissal of an initial timely post-conviction petition under R.C. 2953.21(C), there is no similar requirement when the trial court denies a motion for leave to file an untimely or successive petition pursuant to R.C. 2953.23(A). The latter circumstance is what is present in the case sub judice.
As a final matter, a cursory review of the petition itself lends itself to application of the doctrine of res judicata to bar relief. All the claims relate to trial or pretrial proceedings. As noted in Apanovitch,supra:
 "Principles of res judicata bar assertion in post-conviction proceeding of any claim that was or could have been raised at trial or on direct appeal."
Appellant had a direct appeal of his conviction (Appeals Case No. 97CO13) and was afforded every opportunity to raise the claims asserted in his post-conviction petition as an assignment of error in that appeal.
In summary, this court dismisses this appeal for the reason that appellant failed to timely appeal the July 11, 2000 judgment of the trial court overruling his "Motion for Leave to File Post-Conviction Relief." No findings or conclusions are required in this matter and such unwarranted request did not toll the time to file an appeal. We further find that the trial court lacked jurisdiction to even consider said petition, as it was untimely filed and appellant failed to comply with R.C. 2953.23 in demonstrating grounds for a delayed or successive petition.
The motion of the State of Ohio filed on July 13, 2001 to dismiss this appeal is granted for the reasons discussed above and not the reason advanced by the state.
Costs of this proceeding are taxed against appellant.
DONOFRIO, J., concurs.
VUKOVICH, P.J., concurs.
WAITE, J., concurs.